UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**SHEILA AUSTIN**                                                                                  **CIVIL ACTION**

**VERSUS**                                                                                               **No. 13-566**

**SANOFI-AVENTIS, U.S., LLC ET AL.**                                               **SECTION I**

## ORDER AND REASONS

Before the Court is the motion[1] filed by defendants, Sanofi-Aventis, U.S., LLC et al., for a temporary stay of these proceedings pending a final ruling of the U.S. Judicial Panel on Multidistrict Litigation ("MDL Panel") with respect to the transfer of this case to MDL No. 2418. Also before the Court is the motion[2] to remand filed by plaintiff, Sheila Austin ("Austin"). For the following reasons, defendants' motion to stay is **GRANTED**. As such, the Court **DEFERS** ruling upon plaintiff's motion to remand.

## BACKGROUND

Austin alleges that she used Plavix, a prescription drug, to treat symptoms related to a heart attack and to prepare her for open heart surgery.[3] According to Austin, Plavix caused her to experience certain cardiovascular problems and specifically caused her to suffer a stroke during open heart surgery.[4]

---

[1] R. Doc. No. 12.
[2] R. Doc. No. 8.
[3] R. Doc. No. 1-3, at 5-6.
[4] *Id.* at 6.

On March 1, 2013, Austin filed this lawsuit in Louisiana state court.[5] Defendants removed the case to this Court on March 27, 2013, on the basis that a non-diverse defendant was improperly joined.[6]

On February 12, 2013, the MDL Panel entered a transfer order pursuant to 28 U.S.C. § 1407, assigning MDL No. 2418, *In re Plavix Marketing, Sales Practices and Products Liability Litigation (No. II)*, to the Honorable Freda Wolfson, U.S. District Judge for the District of New Jersey. *See* 2013 WL 565971. On April 12, 2013, the MDL Panel entered a conditional transfer order transferring this matter to the U.S. District Court for the District of New Jersey.[7] The MDL Panel has not yet ruled on the transferability of this matter.[8]

On April 24, 2013, Austin filed a motion to remand, arguing that the non-diverse defendant was not improperly joined and that complete diversity does not exist. On May 7, 2013, defendants moved to stay the proceedings in this lawsuit pending conditional transfer to the MDL. Austin opposes the stay solely on the basis that her pending motion to remand demonstrates a lack of federal jurisdiction.[9]

## LAW AND ANALYSIS

As Judge Fallon has explained:

> The decision to grant or deny a temporary stay of proceedings pending a ruling on the transfer of the matter to the MDL court lies within this Court's discretion. It is advisable, however, for a district court to defer the resolution of certain pretrial matters until the Panel renders a decision with regard to whether a case should be transferred

---

[5]*Id.*
[6]R. Doc. No. 1, at 4.
[7]R. Doc. No. 12-3.
[8]*E.g.*, R. Doc. No. 17, at 1.
[9]*Id.* at 1-2.

> to the MDL court. *See* Manual for Complex Litigation § 31.131, at 252 (3d ed. 2000) ("[I]t may be advisable to defer certain matters until the panel has the opportunity to rule on transfer."). Deference to the MDL court for resolution of these matters provides the opportunity for the uniformity, consistency, and predictability in litigation that underlies the multidistrict litigation system. *See* 28 U.S.C. § 1407.
>
> The ability to stay proceedings "is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for the litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

*Scott v. Bayer Corp.*, No. 03-2888, 2004 WL 63978, at *1-2 (E.D. La. Jan. 12, 2004) (Fallon, J.). While motions that raise "issues unique to the particular case may be appropriate for resolution before the Panel acts on the motion to transfer," the pendency of a motion that "rais[es] questions common to related actions can itself be an additional justification for transfer." Manual for Complex Litigation § 20.132, at 220-21 (4th ed. 2004).

The Court concludes that a stay is appropriate because Austin's motion to remand raises questions that are common to related actions.[10] Austin will not be unduly prejudiced if proceedings in this Court, including a hearing of Austin's motion to remand, are stayed pending a decision by the MDL Panel as to the transferability of this case. In addition, staying all proceedings in this case will serve the interests of judicial economy and minimize the risk of inconsistent rulings in related cases. Accordingly, the Court will exercise its discretion and stay all proceedings in this case pending a decision on the transfer of the case.

---

[10] *See* R. Doc. No. 12-1, at 3-4 (citing cases).

**CONCLUSION**

**IT IS ORDERED** that the Court **DEFERS** ruling upon plaintiff's motion to remand.

**IT IS FURTHER ORDERED** that defendants' motion for a temporary stay of these proceedings pending a final ruling of the MDL Panel with respect to the transfer of this case to MDL No. 2418 is **GRANTED** and that this matter is **STAYED** and **ADMINISTRATIVELY CLOSED** pending notification by the MDL Panel of its decision.

New Orleans, Louisiana, June 10, 2013.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**